HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT CHRIS HESTERMAN and LORI TROCHIM,<br><br>      Plaintiffs,<br><br>      v.<br><br>RPM INTERNATIONAL INC., *et al.*,<br><br>      Defendants. | Case No. 2:18-cv-01821-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Leave to Amend (Dkt. # 37) and Defendant 3M Company's Motion to Dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. # 31). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and **DENIES** as moot Defendant's motion.

## I. BACKGROUND

This is a products liability case brought under the Washington Products Liability Act. Plaintiff Albert Chris Hesterman alleges that Defendants manufactured products containing benzene that he was exposed to at work, causing him to develop Acute Lymphocytic Leukemia. Dkt. # 37 at 2. In bringing this motion for leave to amend, Plaintiff claims to have identified additional products that he was exposed to that contain

ORDER – 1

benzene and seeks to add the manufacturers of those products as defendants. *Id.* Plaintiff also seeks to allege additional facts in support of his claims and remove Lori Trochim as a plaintiff. *Id.*

## II. LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.,* 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group*, Inc., 170 F.3d 877, 880 (9th Cir. 1999)). Because leave to amend should be freely given, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). Thus, all inferences must be drawn in favor of the moving party. *Griggs*, 170 F.3d at 880.

## III. DISCUSSION

Given the early stage of this litigation, and the lack of prejudice to Defendants, the Court finds it appropriate to permit Plaintiff to amend his complaint. *See Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (noting that prejudice in the context of a motion to amend means a party was substantially disadvantaged or deprived of the opportunity to present facts or evidence that it could have with a timely amendment). Notably, the discovery cutoff date has not yet been set and there was no undue delay by Plaintiff in bringing the motion. Furthermore, there is no indication of bad faith on Plaintiff's part or that the proposed amendments would be futile.

ORDER – 2

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion and **DENIES** as moot Defendant's motion. Dkt. ## 31, 37.

DATED this 17th day of July, 2019.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 3